Date signed April 18, 2008



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re: | * | |
| Christopher Anthony Asser, | * | Case No. 06-10293-WIL |
| | | Chapter 7 |
| Debtor. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Christopher Anthony Asser, | * | |
| Plaintiff, | * | |
| v. | * | Adv. No. 06-01383-WIL |
| Pennsylvania Higher Education Assistance Agency, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM DECISION IN SUPPORT OF ORDER
GRANTING MOTION OF PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY FOR SUMMARY JUDGMENT [37]**

The Court has before it the Motion of Pennsylvania Higher Education Assistance Agency

for Summary Judgment (the "Motion") [37] and the Debtor's Opposition thereto [40].  The issue

to be determined is whether the Debtor's obligations under a student consolidation loan arose

upon the Debtor's execution of the promissory note pre-petition or upon disbursement of the

loan proceeds post-petition.  If the latter, the debt is nondischargeable and summary judgment must be entered in favor of the Defendant.  If the former, as the Debtor argues, then summary judgment is not proper and the issue of whether the Debtor is entitled to a hardship discharge remains to be determined.  For the reasons set forth herein, the Court will grant the Motion.

## <u>Standard for Granting Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure (made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure) provides, in part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. Proc. 56(c).  The Rule further provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. Proc. 56(e).

One of the principal purposes of summary judgment is to isolate and dispose of all factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986).  To that end, the Court considers all evidence in a light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356 (1986).  The movant must establish that there are no material facts at issue and that he is entitled to judgment as a matter of law.  *McLean, Koehler, Sparks & Hammond v. Hildebrand (In re Hildebrand)*, 230 B.R. 72, 79 (Bankr. D. Md. 1999) (*citing

*Celotex*, 477 U.S. at 322-323).  Once a motion for summary judgment is made and supported as provided in the Rule, the nonmoving party must produce sufficient evidence to show that there is a genuine issue for trial.  *Id.*  Summary judgment will be granted if, taking the record as a whole, a reasonable jury could not possibly return a verdict in favor of the nonmoving party.  *Id*. at 74 (*citing Matsushita*, 475 U.S. at 587; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)).

## Background

The Debtor filed a Chapter 7 Voluntary Petition on January 19, 2006.  On April 26, 2006, the Debtor filed a Complaint to Determine Dischargeability of Student Loan (the "Complaint"), as amended on May 1, 2006, against Suntrust Educational Financial Services Corporation ("Suntrust").  The Complaint sought a determination that certain debts owed to Suntrust are dischargeable student loan debts pursuant to 11 U.S.C. § 523(a)(8).  On May 2, 2007, the Debtor filed a Motion for Leave to Amend Complaint to, among other things, name Pennsylvania Higher Education Assistance Agency as the proper Defendant.  The Court granted the Debtor's Motion for Leave to Amend Complaint and the Debtor filed his Second Amended Complaint to Determine Dischargeability of Student Loan (the "Second Amended Complaint") on June 4, 2007.

On July 6, 2007, the Defendant filed a Motion to Dismiss the Second Amended Complaint (the "Motion to Dismiss").  The Court held a hearing to consider the Motion to Dismiss and the Debtor's Opposition thereto on October 18, 2007.  At the October 18, 2007 hearing, the Court denied the Motion to Dismiss because there was a factual dispute raised by the Debtor as to whether he authorized a further student loan consolidation with the Defendant.

The factual dispute was subsequently resolved and on January 15, 2008, the Defendant filed the instant Motion.

## Facts

The material facts in this case are straightforward and undisputed by the Debtor.[1]  On January 14, 2005, the Debtor sought to consolidate his student loan debt by executing a Federal Consolidation Loan Application and Promissory Note (the "Promissory Note").  The Promissory Note provided the Debtor with 180 days within which to add eligible loans to the consolidation loan.  If Debtor chose to add a loan during the 180-day period, new terms and information would be provided to the Debtor and the new terms and information would supersede the terms and information contained in any prior disclosures.

On March 16, 2005, proceeds of the consolidation loan (the "Consolidation Loan") were disbursed and the Debtor's new repayment period commenced.  Thereafter, on March 21, 2005, the Debtor executed a "Request to Add Loans to a Federal Consolidation Loan" pursuant to the 180-day provision contained in the Promissory Note (the "Additional Loan Request").  On January 25, 2006, six days after the Debtor filed his bankruptcy petition, the proceeds of the second consolidation loan (the "Second Consolidation Loan"), including proceeds to cover the Additional Loan Request, were disbursed and the Debtor's new repayment period commenced.

## Discussion

The Debtor filed a complaint seeking a determination that his student loan debt is

---

[1]  Footnote No. 1 to the Debtor's Opposition to the Motion states: "[f]or purposes of this Opposition, Mr. Asser does not contest any material facts as presented in Plaintiff's Motion for Summary Judgment."

dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).  That section provides that a

discharge under section 727 of this title does not discharge an individual debtor from any debt:

> (8)   unless excepting such debt from discharge under this paragraph
> would impose an undue hardship on the debtor and the debtor's
> dependents, for:
>
>> (A)(i)   an educational benefit overpayment or loan made,
>> insured, or guaranteed by a governmental unit, or made under any
>> program funded in whole or in part by a governmental unit or nonprofit
>> institution; or
>>
>>> (ii)   an obligation to repay funds received as an educational
>> benefit, scholarship, or stipend; or
>>
>> (B)   any other educational loan that is a qualified educational
>> loan, as defined in section 221(d)(1) of the Internal Revenue Code of
>> 1986, incurred by a debtor who is an individual.

11 U.S.C. § 523(a)(8).  Debtors seeking to discharge government-guaranteed educational loans

face a difficult burden because they must prove, by a preponderance of the evidence, that not

discharging the debt would impose an undue hardship.  *Educ. Credit Mgmt. Corp. v. Frushour*

*(In re Frushour)*, 433 F.3d 393, 399-400 (4th Cir. 2005).  In enacting the undue hardship

standard, Congress considered the viability of the student-loan program and determined that the

heightened standard protects the "integrity of the student-loan program and saves it 'from fiscal

doom.'" *Id.* (*quoting Pa. Higher Educ. Assistance Agency v. Faish (In re Faish)*, 72 F.3d 298,

302 (3d Cir. 1995)).

    The Defendant argues that the undue hardship analysis of section 523(a)(8) is not

applicable because the Second Consolidation Loan is a post-petition debt that cannot be

discharged in the Debtor's Chapter 7 case.  In response, the Debtor argues that a contingent right

to payment (or "claim") arose pre-petition upon the Debtor's execution of the Promissory Note.

Accordingly, the Debtor maintains that the Second Consolidation Loan is a pre-petition debt that

can be discharged upon a finding of undue hardship.

The Bankruptcy Code defines the term "debt" as a "liability on a claim." 11 U.S. C. § 101(12). The Bankruptcy Code defines the term  "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). In this case, the Debtor argues that the broad definition of "claim" in section 101(5) encompasses the Second Consolidation Loan because a contingent right to payment arose upon the Debtor's execution of the Promissory Note pre-petition. The Debtor is correct that a potential claim was created upon the Debtor's execution of the Promissory Note, but no liability on the claim arose until the proceeds of the Second Consolidation Loan were disbursed.

The consolidation of educational loans is governed by Subchapter IV, Part B of the Higher Education Act of 1965 (the "HEA").[2] Section 1078-3(e) of the HEA provides that federal consolidation loans shall be considered new loans for purposes of section 1074(a) of the HEA, which sets the limits on the amount of student loans covered by federal insurance. 20 U.S.C. § 1078-3(e)(2006)); *see also Educ. Credit Mgmt. Corp. v. McBurney (In re McBurney)*, 357 B.R. 536, 538-539 (B.A.P. 9th Cir. 2006*)*(holding that a consolidation student loan is a new, distinct loan, the proceeds of which are applied to extinguish the original student loan debt). "[T]he commencement of the repayment obligation for a consolidation student loan is set relative to the time when the holders of the loans being consolidated have 'discharged the liability of the borrower on those loans." *Id*. at 539 (*citing* 20 U.S.C. § 1078-3(c)(4)). Thus, the obligations under a consolidation student loan arise upon disbursement of the proceeds to the holders of the

---

[2] 20 U.S.C. § 1070, *et. seq.*

prior loans.  *See id.*  Here, it is undisputed that the proceeds of the Second Consolidation Loan were disbursed post-petition.  Disbursement of the Second Consolidation Loan extinguished the Debtor's liability on the Consolidation Loan and became a new liability as of the disbursement date, which was post-petition.  *See id.*  In effect, disbursement of the Second Consolidation Loan was the final requirement to effect a novation of the Consolidation Loan because up until that point, the Debtor was only liable to repay the funds disbursed under the Consolidation Loan.[3]

Section 727 of the Bankruptcy Code provides, in relevant part: "[e]xcept as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all *debts* that arose *before the date of the order for relief* under this chapter."  11 U.S.C. § 727(b) (emphasis added).[4]  In this case, as explained above, the Debtor's liability under the Second Consolidation Loan (or the "debt") arose post-petition.  Accordingly, the Second Consolidation Loan is a nondischargeable post-petition debt.

### Conclusion

The Court finds that the Defendant is entitled to judgment as a matter of law.  A separate Order granting the Defendant's Motion for Summary Judgment will issue.

---

[3] "A 'novation' is a new contractual relation made with intent to extinguish a contract already in existence."  *Kiley v. First Nat. Bank of Maryland*, 649 A.2d 1145, 1149-50 (Md. Ct. Spec. App. 1994) (*citing Dahl v. Brunswick Corp.*, 356 A.2d 221 (Md. 1976)).  Novation contains four elements: (1) a previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the validity of such new contract, and (4) the extinguishment of the old contract, by the substitution of the new one.  *Id.*

[4] The commencement of a voluntary case under Chapter 7 of the Bankruptcy Code constitutes an "order for relief."  11 U.S.C. § 301(b).

cc:    Plaintiff

      Counsel for Plaintiff - Hong Park, Esq.

      Defendant

      Counsel for Defendant - Julie S. Dietrich, Esq.

      Chapter 7 Trustee

      U.S. Trustee

**END OF MEMORANDUM**